Crew, J.
At the October term, 1908, of the court of common pleas of Wyandot county, the. grand jury of said county found and presented against James F. Goodlove, the plaintiff in error herein, a certain indictment of which the following is a copy:
“The State of Ohio, Wyandot County, ss.:
“In the court of common pleas, Wyandot county, Ohio, of the term of October, in the year of our Lord one thousand nine hundred.and eight.
“The jurors of the grand jury of the county of Wyandot and state of Ohio, then and there duly impaneled, sworn and charged to inquire of and present all offenses whatever committed within the limits of said county, on their said oaths, in the name and by the authority of the state of Ohio, do find and present that James F. Goodlove, late of said county, on the 6th day of August, in the year of our Lord one thousand nine hundred and eight, at the county of Wyandot aforesaid in and *372 upon one Percy Stuckey, alias Frank McCormick, then and there being, did unlawfully, purposely, and of deliberate and premeditated malice, make an assault, in a menacing manner, with intent, him, the said Frank McCormick, unlawfully, purposely, and of deliberate and premeditated malice, to kill and murder; and that the said James F. Goodlove, a certain pistol then and there charged with gunpowder and leaden bullets, which said pistol he, the said James F. Goodlove, then and there in his right hand had and held, then and there, unlawfully, purposely, and of deliberate and premeditated malice, did discharge and shoot off to, against and upon the said Frank McCormick, with the intent aforesaid, and that the said James F. Good-love, with the leaden bullets aforesaid, out of the pistol aforesaid, by force of the gunpowder aforesaid, by the said James F. Goodlove then and there discharged and shot off as aforesaid, him, the said Frank McCormick in and upon the upper right side of the back of him, the said Frank McCormick, then and there unlawfully, purposely, and of deliberate and premeditated malice did strike, penetrate, and wound, with the intent aforesaid, so as aforesaid discharged, and shot out of the pistol aforesaid, by the said James F. Goodlove, in and upon the upper right side of the back of him, the said Frank McCormick, one mortal wound of the depth of four inches and of the breadth of half an inch, of which mortal wound he, the said Frank McCormick, then and there died: and so. the jurors aforesaid, upon their oaths and affirmations aforesaid, do say. that the raid James F. Goodlove him, the said Frank I.':cC:;r- *373 mick in .the manner and by the names aforesaid, unlawfully, purposely, and of deliberate and premeditated malice, did kill and murder contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Ohio.
“H. H. Newell,

“Prosecuting Attorney, Wyandot county, Ohio.” .

The defendant, James F. Goodlove, being duly arraigned upon this indictment pleaded thereto not guilty. Thereafter and during said October term, 1908, the defendant was put upon trial upon said indictment and by the verdict of the jury was convicted of the crime of manslaughter. A motion for new trial was made and overruled and thereupon the defendant was sentenced by the court to imprisonment in the Ohio penitentiary at hard labor for the period of fifteen years. This judgment of the court of common pleas was affirmed hy the circuit court. To obtain a reversal of the judgments below James F. Goodlove now prosecutes error in this court. While the petition of plaintiff in error in this case contains numerous assignments of errors alleged to have occurred on the trial of this cause in the court of common pleas the only one of these assignments material to be noticed or considered in this opinion is the alleged error of the trial court in overruling the motion of defendant, made at the close of all the evidence, to direct the jury to return a verdict of not guilty, for if this claim of error be resolved in favor of the accused, as upon this record we are of opinion it must be, it is necessarily fatal and the. other errors assigned become wholly imm'a *374 terial. That in every indictment for injury to the person the law imperatively requires that the name of the injured party shall, if known, be stated, is too well settled to admit of controversy, and it follows therefrom as d logical and necessary sequence that the name of the person injured, if known, being indispensable matter of allegation is essential matter of proof and when stated must be proved as laid unless such proof is excused by statute. The indictment in the present case charged the accused, James F. Goodlove, with having assaulted and killed one “Percy Stuckey, alias Frank McCormick.” Plehce, under the charge so made the name of the party assaulted becomes and ¡ is essential matter'of description and identification, and to warrant conviction upon such charge it was incumbent upon the prosecution to establish by the evidence beyond a reasonable doubt that the person assaulted and killed was in fact Percy Stuckey. This indictment1 does not charge, nor was it intended thereby to charge, that James F. Good-love assaulted and killed both Percy Stuckey and Frank’ McCormick, but the charge is that he assaulted and killed one Percy Stuckey, called, or otherwise known as Frank McCormick. The names therein mentioned were intended to be and are, but different designations or descriptions of the same person, namely, Percy Stuckey, and the rule being well settled that no allegation in an indictment descriptive of that which is essential to the charge can be disregarded or rejected, the crime thus charged in this indictment is not made out or established by proof only that the accused assaulted and killed one Frank McCormick, there *375 being no evidence whatever to show that said Frank McCormick and Percy Stuckey were one and the same person. In the case now before us not only is there a total absence of evidence that Percy Stuckey and Frank McCormick were one and the same person, but there is not in this case from beginning to end a scintilla of evidence even tending to show, or that would suggest, that any such person as Percy Stuckey ever had an existence. There was, therefore, in this case a total failure of proof as to an essential allegation and material part of the offense charged in the indictment, and such defect not being one of mere variance that is excused” or rendered harmless'by the curative provisions of Section 7216, Revised Statutes, it was and is necessarily fatal and the motion to direct a verdict in this case should have been sustained. The conclusion reached by us finds abundant support in the reasoning of the authorities cited in the briefs of counsel.

Judgments of the circuit court and of the court of common pleas reversed, and plaintiff in error discharged.

Summers, C. J., Davis, Shauck and Price, JJ., concur.